# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cause Nos. | 1:21-CR-64-HAB |
| | ) | | 1:24-CV-108-HAB |
| JOSHUA LETNER | ) | | |

## OPINION AND ORDER

Defendant moves to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 129). He asserts that his trial counsel, Stanley Campbell ("Attorney Campbell"), was ineffective for failing to file a notice of appeal on his behalf.[1] After an initial round of briefing (ECF Nos. 129, 133), the Court referred Defendant to the Federal Community Defender for representation and set the matter for hearing. (ECF No. 134). An evidentiary hearing was held (ECF No. 150) and post-hearing briefs have been filed. (ECF Nos. 153-55). The matter is now ripe for ruling.

## I.    Factual and Procedural Background

## A.    *Underlying Criminal Proceedings*

In October 2021, Defendant was indicted in a seven-count indictment alleging, generally, that he trafficked in methamphetamine, fentanyl, and marijuana while armed. (ECF No. 1). After extended litigation, featuring three different trial counsel and a stint where Defendant acted pro se, Defendant pled guilty to Counts 2, 3, 5, and 7 of the indictment. (ECF No. 98). Importantly, the plea set out that:

---

[1] In his initial petition, Defendant also challenged his conviction under 18 U.S.C. § 924(c). The Court interprets Defendant's post-hearing brief (ECF No. 153) as abandoning that claim. (*Id*. at 6) (recognizing that Defendant's argument was abrogated by amendment to the statute).

- the sentence for Count 3, a violation of 18 U.S.C. § 924(c), would be not less than 5 years and would run **consecutively** to any term of imprisonment imposed on the other counts;

- the Government agreed to dismiss Counts 1, 4, and 6, which included a second § 924(c) count;

- the Sentencing Guidelines were "advisory only, and that the specific sentence imposed upon [him would] be determined by the judge after consideration" of the relevant sentencing factors; and

- Defendant waived his right to appeal, as well as his right to challenge his sentence on any ground other than ineffective assistance of counsel ("IAC").

Defendant confirmed, under oath, that he understood these aspects of his plea at his plea hearing. (ECF No. 132 at 11-13, 15-16, 17-19).

Following Defendant's guilty plea, a presentence investigation report was prepared. (ECF No. 109). The probation officer determined that Defendant's total offense level was 29. Defendant had 10 criminal history points, placing him in criminal history category V. This resulted to a guideline range of 140 to 175, with an additional 60 months consecutive on Count 3. Neither the Defendant nor the Government made any guideline-changing objections to the report.

In September 2023, Defendant was sentenced to a total of 220 months' imprisonment, consisting of 160 months on Counts 2, 5, and 7, and a consecutive 60 months on Count 3. Defendant also received five years' supervised release. Defendant timely filed this motion to vacate in March 2024.

**B.** *§ 2255 Proceedings*

As noted above, the Court scheduled this matter for a hearing on Defendant's IAC claims related to Attorney Campbell's failure to file a notice of appeal. The Government called Attorney Campbell as its only witness. Attorney Campbell is an experienced criminal defense attorney, having practiced since 1976. He testified that, in his federal cases, the process of appealing is straightforward. He files a notice of appeal, a docketing statement, a form for the reporter to obtain the transcript, and a form motion to withdraw and for the appointment of appellate counsel. He did none of that in this case, as he testified that Defendant never asked him to file an appeal.

On cross-examination, Attorney Campbell testified that he had procedures in place for when a client requested an appeal. He would give the file to his assistant who would then prepare the necessary documents, except for the transcript request form, which Attorney Campbell completed himself. The whole process takes about 10 minutes to complete and is "not burdensome."

Attorney Campbell testified that he had reviewed his case file, which would have included written correspondence and phone messages. He had no record of Defendant ever requesting an appeal. Nor did Attorney Campbell have any recollection of Defendant ever asking him for an appeal. Attorney Campbell's billing records similarly showed no record of a conversation between himself and Defendant regarding an appeal.

Attorney Campbell testified that he did receive a letter from Defendant in November 2023, after the appeal deadline would have passed. That letter did not request an appeal—it requested Defendant's paperwork to show that Defendant had not cooperated with the Government. Attorney Campbell responded, providing the judgment of conviction. Attorney Campbell has no record of any other correspondence or communication with Defendant since sentencing.

Defendant also testified at the hearing. On direct examination, he testified that he believed that Attorney Campbell had failed to adequately explain his plea agreement, resulting in a sentence above what Defendant expected. This unexpected sentence was the issue Defendant wanted to present on appeal.

But, on cross-examination, Defendant admitted that he never asked Attorney Campbell to file an appeal. He stated that he tried to contact Attorney Campbell "several times by phone" in the days after sentencing but couldn't identify the exact dates. Defendant admitted that he didn't ask anyone else to contact Attorney Campbell about an appeal. He further admitted that he sent no written correspondence, either electronic or handwritten, requesting an appeal.

## II.     Legal Discussion

### A.     *28 U.S.C. § 2255*

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). To proceed on a motion under § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence exceeded the maximum authorized by law or is otherwise subject to collateral attack. *Id.* A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id.* As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Additionally, aside from showing "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255

4

movant may alternatively pursue such errors after proving that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008). This general rule does not apply to claims of ineffective assistance of counsel, which may be brought via § 2255 even if not pursued during a direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**B.    *IAC Standard***

To make out a successful ineffective assistance of counsel claim, Defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).

> With regard to the performance prong, [the] defendant must direct us to the specific acts or omissions which form the basis of his claim. The court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance.

*United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Moreover, claims that an attorney was ineffective necessarily involve inquiries into an attorney's trial strategies, which in turn requires facts which usually are not contained in the trial record. Thus, many trial determinations, like so many "other decisions that an attorney must make in the course of representation[, are] a matter of professional judgment." *United States v. Berkowitz*, 927 F.2d 1376, 1382 (7th Cir. 1991). Thus, the Court must resist a natural temptation to become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

> It is not our task to call the plays as we think they should have been called. On the contrary, we must seek to evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.

*United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (citations and quotations omitted).

Should the petitioner satisfy the performance prong, he must then fulfill the prejudice prong by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir. 1994). "In making the determination whether the specified errors resulted in the required prejudice, a court should presume . . . that the judge or jury acted according to law." *Strickland*, 466 U.S. at 694.

### C.    *Attorney Campbell did not Render IAC by Failing to File a Notice of Appeal*

"When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel." *Gant v. United States*, 627 F.3d 677, 681 *(*7th Cir. 2010) (citing *Kafo v. United States,* 467 F.3d 1063, 1069 (7th Cir. 2006)). To succeed on such a claim, however, a defendant must show that he requested his attorney file an appeal. *Id.*; *see also Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994) ("'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").

The parties agree that Defendant never directly asked Attorney Campbell to file an appeal. This leaves Defendant with limited avenues to prove IAC, and it's not clear to the Court which avenue he wants to pursue. So, out of an abundance of caution, the Court will analyze both.

The first avenue is that laid out by the Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).[2] There, the Supreme Court held:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first

---

[2] Defendant's post-hearing brief asks the Court to take a "bold and progressive look at this case" by combining the holding of *Flores-Ortega* with the Supreme Court's later holding in *Garza v. Idaho*, 586 U.S. 232, 243-44 (2019). But the Court interprets Defendant's argument, particularly his insistence that Attorney Campbell "surely knew" that Defendant wanted an appeal, as proceeding under *Flores-Ortega*. In any event, it is not the role of this Court to be bold or progressive in the face of established Seventh Circuit and Supreme Court authority.

asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. . . . If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Id.* at 478. The Court will assume, based upon the record, that Attorney Campbell did not "consult"

with Defendant about an appeal.

In answering the second question, the Supreme Court provided this guidance:

counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* at 480 (citation omitted).

Here, the Court has little trouble finding that Attorney Campbell was not ineffective. Defendant pled guilty, both reducing the scope of his appealable issues and indicating that he sought "an end to judicial proceedings." Defendant received the sentence bargained for in the plea, regardless of his protestations now. And Defendant waived his appellate rights in the plea, leaving nothing for him to appeal. True, that waiver is not determinative under *Garza*, but it does factor into the analysis under *Flores-Ortega*. Simply put, there was nothing for Defendant to appeal, and

Defendant did not "reasonably demonstrate" to Attorney Campbell that he was interested in appealing. Attorney Campbell was not deficient under *Flores-Ortega.*

The second avenue is under *Corral v. United States*, 498 F.3d 470 (7th Cir. 2007). There, the Seventh Circuit held that "when a criminal defendant has made reasonable efforts to contact his lawyer about an appeal . . ., his lawyer must make a reasonable effort to reach the client before the time for filing a notice of appeal expires." *Id*. at 474. The question under *Corral* is whether Defendant has shown he made "reasonable efforts" to contact his lawyer.

After weighing the hearing testimony, the Court finds that Defendant has not made this showing. Defendant's vague assertions that he called "several times" in days following sentencing are unpersuasive. Defendant never left a message with Attorney Campbell's assistant or with the voicemail service.[3] He never sent written correspondence asking for an appeal. He never directed anyone else to contact Attorney Campbell to seek an appeal. There's simply nothing to corroborate Defendant's statements.

Given Attorney Campbell's demeanor at the hearing and its wealth of experience with him over the last six years, the Court believes that Attorney Campbell would have pursued an appeal had he been contacted to do so. The process, as Attorney Campbell testified, is "not burdensome." It is something Attorney Campbell has done on many occasions before. And there is simply no reason to believe that Attorney Campbell would perjure himself for this Defendant.

With relief foreclosed under *Flores-Garcia* and *Corral*, the Court concludes there is no basis to find Attorney Campbell ineffective for failing to pursue an appeal. Defendant's lone IAC argument fails, as does his § 2255 motion.

---

[3] Defendant initially testified that there was no way to leave a message, but later admitted that he had left a message with Attorney Campbell's assistant regarding the paperwork issue.

## III.    Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Because the Court finds that no reasonable jurist could conclude that Defendant is entitled to relief, no certificate of appealability will be issued.

## IV.    Conclusion

For these reasons, Defendant's motion to vacate (ECF No. 129) is DENIED. No certificate of appealability will issue.

SO ORDERED on May 22, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT